**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: COREY SIMS and EILEEN SIMS, | ) | Case No. 07-60860-LYN |
| | ) | |
| Debtors. | ) | |
| | ) | |
| COREY SIMS and EILEEN SIMS | ) | Adv. No. 07-06090 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE RECTOR & VISITORS OF THE | ) | |
| UNIVERSITY OF VIRGINIA, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the Court on a motion by Corey Sims and Eileen Sims ("the Plaintiffs") against the Rector and Visitors of the University of Virginia ("the Defendant").

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

1

*Facts*

Accepting well-pleaded facts as true[1], and taking into consideration the exhibits filed by the Debtor, the court finds as follows. On March 9, 2007, the Defendant commenced a garnishment proceeding against the debtor. The return date was May 24, 2007. The Debtors filed their petition on May 17, 2007, one week before the return date. As a result of the garnishment, $186.42 was paid to the creditor from the wages of one of the debtors.

Counsel for the Plaintiffs faxed two letters to the Defendant asking it to cease the garnishment and to return the $186.42. An employee of counsel for the Plaintiffs telephoned the Defendant and asked for the return of the $186.42, but was told that the Defendant would not attempt any further collection efforts but would not return the money because it was less than the preference exemption amount of $500.00.

On September 14, 2007, the Defendant filed a proof of claim.

The Debtors filed the instant complaint seeking the return of the $186.42 and other damages. The Defendant has not answered. The clerk entered default.

*Discussion.*

**The Applicable Law.** Section 362(h) of the Bankruptcy Code which provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The stay referenced in Section 362(h) is that found in Section 362(a), which provides in part that a petition filed under section 301, 302 or 303 of the bankruptcy code operates

---

[1] Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Fed. R. Civ. P. 8(d), as made applicable by Fed. R. Bankr. P. 7008.

as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under [Title 11] . . . " 11 U.S.C. § 362(a)(6).

**The Debtor's Burden of Proof.** The Defendant failed to respond to the complaint or to this motion. This matter, then, comes before the court on a motion for default judgment which may be brought in this Court under Fed. R. Civ. P. 55(b)(2) as provided for in Fed. R. Bankr. P. 7055[2]. When a plaintiff brings a motion for the entry of judgment by default, the trial court is required to exercise sound judicial discretion in determining whether the judgment should be entered. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2685 (1998). Also see Lau Ah Yew v. Dulles 236 F.2d 415, 416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court.") When the defendant has not appeared, the plaintiff must still meet the burden of going forward. See Peerless Industries v. Herrin Illinois Café, Inc. 593 F.Supp 1339, 1441 (E.D.Mo. 1984) ("In sum, Rule 55(b)(2) allows the court discretion to require proof of necessary facts to support a valid cause of action, and if such facts are lacking, the court can choose not to enter default judgment."). The Debtor must meet the burden of going forward with evidence to support her motion.

**Willful and Knowing Violation of Section 362(h).** The first question is whether the Defendant did in fact attempt to collect the Debt after the Plaintiffs filed their petition. The Plaintiffs' evidence that the Defendant attempted to collect the debt consists of an assertion that the Defendant garnished $186.42 from Mr. Sims through the writ of garnishment. The evidence also indicates that the Defendant refused to return the garnished amount after the Plaintiffs made demand for their return. The Defendant's assertion that the transfer of the $186.42 constituted a preferential

---

[2] Fed. R. Bankr. P. 7055 applies in all contested matters. Fed. R. Bankr. P. 9014.

transfer is wrong as a matter of law. [3]

It is concluded that the refusal of the Defendant to return the $186.42 constituted a knowing and willful violation of the automatic stay.

**Compensatory Damages.**  The Plaintiffs asks for an award of attorneys fees and actual damages.  An award of damages under section 362(h) is analogous to a finding of contempt.  <u>Sarah Singleton v. South Carolina Student Loan Corp. (In re Singleton)</u>,   If the violation is willful or knowing the imposition of damages is appropriate.  <u>See</u>, <u>In re La Tempa</u>, 58 B.R. 538 (Bankr. W.D. Va. 1986).  It must be shown that the creditor had notice or knowledge of the prescribed conduct before actual damages can be awarded.  <u>Id.</u>  By using the words "shall recover", Congress intended that the award of actual damages, costs, and attorneys fees is mandatory and not within the discretion of the court.  <u>In re Inslaw, Inc.</u>, 83 B.R. 89, 165 (Bankr. D.D.C. 1988).

The Plaintiffs' actual damages are $186.42, the amount that the Defendant refused to return plus $300.00, the amount of wages that Mr. Sims lost attending to this matter.   Compensatory damages shall be awarded in the amount of $486.42.

The Plaintiffs' request for attorney's fees is appropriate and reasonable.  The Debtor shall be awarded $1,285.00 in attorney's fees.

**Punitive Damages.**  Whether punitive damages should be awarded is another matter.

> Punitive damages are an extraordinary remedy designed to punish and deter particularly egregious conduct.  <u>Stevens v. South Atlantic Canners Inc.</u>, 848 F.2d 484 (4th Cir.1988), <u>cert. denied</u>, 488 U.S. 996, 109 S.Ct. 564, 102 L.ed. 589 (1988).  A finding that a creditor's actions were intentional standing alone does not give rise to an award of punitive damages.  It is necessary that defendant's actions be "a deliberate violation".  <u>In re: Coates</u>, 108 B.R. 823 (Bankr.M.D.Ga.1989). Punitive damages are not intended to compensate victims, but rather are private fines, awarded in addition to what is necessary to compensate

---

[3] A preferential transfer is a transfer that is made pre-petition.  <u>See</u> 11 U.S.C. § 547.  The transfer in question was necessarily made post-petition.

4

the victim. [Citation omitted.]

In re Spires 1991 WL 11002451 at *2. (Bankr. S.D.Ga.)

"Punitive damages are imposed not to compensate a plaintiff, but to be "'exemplary, punitive, or vindictive damages [imposed] upon a defendant.'" Island Creek Coal Co. V. District 28 United Mine Workers of America, 29 F.3d 126 (4th Cir. 1994) (Citing Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 16, 111 S.Ct. 1032, 1042, 113 L.Ed.2d 1 (1991) (quoting Day v. Woodworth, 54 U.S. (13 How.) 363, 14 L.Ed. 181 (1852))). Punitive damages may not be awarded absent some showing of reckless or *callous disregard* for the law or rights of others. See Protectus Alpha Navigation Co. v. North Pacific Grain Growers, Inc., 767 F.2d 1379, 1385 (9th Cir 1985) (Emphasis added.). The Plaintiffs have demonstrated that the Defendant acted in disregard for the law and for the Plaintiffs' rights under Section 362.

The Defendant's conduct in this case constitutes a violation of the stay imposed by Section 362(a). It's conduct constitutes a callous disregard for the bankruptcy process and for the rights of these Plaintiffs. The record shows:

- The Defendant refused to respond to the Plaintiffs two facsimile transmissions.
- The Defendant refused to return the $186.42.
- When contacted, the Defendant refused to respond in writing but instead verbally provided a (legally incorrect) basis for it refusal to return the money.

Punitive Damages are appropriate in this case. There is no set rule for determining the amount of punitive damages that may be imposed. See Progressive Motors, Inc. v. Frazier, 220 B.R. 476, 479 (D. Utah 1998). The amount should be sufficient to cause the respondent to modify its behavior to avoid violating the automatic stay again. The Defendant is a sophisticated financial

institution. The amount of any award of punitive damages must be sufficient to give it incentive to respond in an appropriate manner to demands for turnover of estate and debtor property in bankruptcy cases. It is concluded that an appropriate amount of punitive damages is $2,500.00.

The foregoing notwithstanding, the judgment that issues in this adversary proceeding shall not become effective, for any purpose or reason, until the date that is 30 days after the date of entry of the judgment on docket.

A separate judgment shall issue.

Upon entry of this memorandum, the Clerk shall forward copies to the following:

(1) Marshall Slayton M. Slayton, Esq., counsel for the debtors,

(2) The Rectors & Visitors of the University of Virginia
t/a University of Virginia UVA Medical Center
900 East Main Street
Richmond, Virginia 23219

(3) University of Virginia Medical Center
Patient Financial Services
P.O. Box 800750
Charlottesville, Virginia 22905-0750

Entered on this 11TH day of February, 2008.

_____
William E. Anderson
United States Bankruptcy Judge